AEE

FILED
FEBRUARY 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1089

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | Hon. **JUDGE KOCORAS** **MAGISTRATE JUDGE MASON** |
| AMERIHOME MORTGAGE COMPANY, L.L.C. a Wisconsin limited liability company, | ) ) ) ) ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiff, First Franklin Financial Corporation, through its attorneys Clark Hill, states as follows for its Complaint against Defendant Amerihome Mortgage Company, LLC:

**PARTIES, JURISDICTION, AND VENUE**

1. First Franklin Financial Corporation ("First Franklin") is a Delaware corporation, with its principal place of business in the State of California.

2. Defendant Amerihome Mortgage Company, L.L.C. ("Defendant") is a Wisconsin limited liability company that transacts business as a mortgage broker in the State of Illinois. The members of Defendant are: (a) Peter E. Georgitais, an individual citizen of Illinois residing in Rosemont, Illinois; (b) Nicholas J. Deltorto, an individual citizen of Wisconsin residing in Brookfield, Wisconsin; and (c) Kerry A. Pastore, an individual citizen of Illinois residing in Rosemont, Illinois.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over Defendant because Defendant transacts business in the City of Rosemont in the State of Illinois and the acts complained of herein occurred in the State of Illinois. Furthermore, two of the individual members of the Defendant LLC are residents and citizens of the State of Illinois.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) and (2) because two of the individual members of the Defendant LLC reside in this District and a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

## BREACH OF CONTRACT

6.      On or around May 24, 2004, First Franklin and Defendant entered into a contract pursuant to which Defendant became an independent contractor of First Franklin authorized to submit applications for loans to be secured by a first or junior lien on residential real property and to be funded by First Franklin (the "Loans").

7.      The contract between First Franklin and Defendant is evidenced by a written "Mortgage Broker Agreement," a copy of which is in the possession of Defendant and is incorporated by reference herein.

8.      Under the terms of the Mortgage Broker Agreement, Defendant represented and warranted to First Franklin that as of the date a Loan is closed and funded by First Franklin, all information relating to Borrower's creditworthiness and collateral submitted in connection with an application for a Loan is true, accurate, and complete. Paragraph 3.01(b) of the Mortgage Broker Agreement.

9.      Under the terms of the Mortgage Broker Agreement, Defendant agreed to and was compensated for investigating the accuracy and completeness of the Borrower's information and analyzing the Borrower's income. Schedule A to the Mortgage Broker Agreement.

10. Under the terms of the Mortgage Broker Agreement, Defendant provided and represented that it had provided the goods and services listed on Schedule A to the Mortgage Broker Agreement for any Loan for which it received compensation from First Franklin. Paragraph 3.01(e) of the Mortgage Broker Agreement.

11. Under the terms of the Mortgage Broker Agreement, Defendant agreed to indemnify and hold First Franklin harmless from and against any and against all damage, loss, liability, cost, or expense, both direct and indirect (including without limitation reasonable legal and accounting fees and expenses actually incurred), which may arise or be incurred as a result of any action or inaction by Defendant, including, but not limited to, a breach of any covenant, condition, representation or warranty arising under the Mortgage Broker Agreement. Paragraph 2.02(a) of the Mortgage Broker Agreement.

12. On or about April 27, 2006, Defendant submitted a final loan application on behalf of Angel T. Burgos (the "Burgos Application") to obtain a loan in the amount of $192,000 plus interest (the "Burgos Loan") from First Franklin. The Burgos Loan was to be secured by a property located at 4528 South Lamon Avenue, Chicago, Illinois (the "South Lamon Property").

13. The Burgos Application stated that Burgos owned and occupied property located at 1904 Kedvale, Chicago that he would rent to a third party and that he would occupy the South Lamon Property as his primary residence for one year.

14. The Burgos Application also stated that Burgos worked in the Auditing Department at Sam's Club and earned $6,100 per month.

15. First Franklin funded the Burgos Loan on or about April 26, 2006 in the amount of $192,000 based upon Defendant's representations that the Burgos Loan was of suitable investment quality and did not contain any false or erroneous representations.

16. Burgos filed bankruptcy on January 24, 2007. In pleadings filed in the bankruptcy proceeding, Burgos stated that he resided at 1904 Kedvale and that he had not resided at any other address in the prior three years. Burgos' bankruptcy pleadings identified the South Lamon Property as a rental property.

17. Burgos' bankruptcy pleadings also indicated that he was employed at Sam's Club for three years as "audit" and that he earned $1,649.95 per month. Burgos' bankruptcy pleadings also stated that he earned $1,551 per month during 2006 and annual income of $18,261 for 2005 ($1,522 per month).

18. As a result of the misrepresentations in the Burgos Application, First Franklin's secondary market investor required First Franklin to repurchase the Burgos Loan, which it did.

19. After repurchasing the Burgos Loan, First Franklin was able to mitigate part of its damages by reselling the loan. Despite its efforts to mitigate its damages, First Franklin incurred an actual loss of $88,233.27.

20. Pursuant to the terms of the Mortgage Broker Agreement, First Franklin requested that Defendant indemnify First Franklin for its actual loss of $88,233.27. Defendant refused to indemnify First Franklin for this loss.

21. Defendant breached the terms of the Mortgage Broker Agreement when, among other things: (i) Defendant submitted the Burgos Application to First Franklin, which contained false and inaccurate information regarding Burgos' creditworthiness and (ii) Defendant refused to indemnify First Franklin for the actual loss of $88,233.27 that First Franklin incurred as a result of Defendant's actions and inactions, including its breaches of the representations and warranties under the Mortgage Broker Agreement.

22. On or about March 9, 2006, First Franklin funded two loans in the principal

amounts of $904,000 and $226,000 respectively, which named Bozidar Kelic ("Kelic") as the borrower, with said loans (the "Kelic Loans") secured against property located at 3134 Gordon Lane, Lemont, Illinois (the "Gordon Lane Property").

23.     Defendant submitted a loan application to First Franklin for the Kelic Loans (the "Kelic Application") which listed Kelic's employer as a company whose existence cannot be verified, which contained false income information, and in which Kelic declared that he would occupy the Gordon Lane Property within sixty days of funding and would continue occupying the Gordon Lane Property for one year.  First Franklin subsequently determined that the Lemont Property was vacant.

24.     As a result of the misrepresentations in the Kelic Application, First Franklin's secondary market investor required First Franklin to repurchase the Kelic Loans, which it did.

25.     After repurchasing the Kelic Loans, First Franklin was able to mitigate part of its damages by selling the Gordon Lane Property in a foreclosure sale.  Despite its efforts to mitigate its damages, First Franklin incurred an actual loss of $200,127.52 with respect to the Kelic Loan.

26.     Pursuant to the terms of the Mortgage Broker Agreement, First Franklin requested that Defendant indemnify First Franklin for its actual loss of $200,127.52.  Defendant refused to indemnify First Franklin for this loss.

27.     Defendant breached the terms of the Mortgage Broker Agreement when, among other things: (i) Defendant submitted the Kelic Application to First Franklin, which contained false and inaccurate information regarding Kelic's creditworthiness and (ii) Defendant refused to indemnify First Franklin for the actual loss of $200,127.52 First Franklin incurred as a result of Defendant's actions and inactions, including its breaches of the representations and warranties

5

under the Mortgage Broker Agreement.

28.  As a result of Defendant's actions and inaction, and its breaches of the Mortgage Broker Agreement, First Franklin has suffered damages in the amount of $288,360.79, plus attorney fees, additional interest, and costs.

## INDEMNIFICATION

29.  First Franklin Financial Corporation incorporates paragraphs 1 through 29 of its Complaint as though fully set forth herein.

30.  Pursuant to the terms of the Mortgage Broker Agreement, Defendant agreed to indemnify and hold First Franklin harmless from and against any and against all damage, loss, liability, cost, or expense, both direct and indirect (including without limitation reasonable legal and accounting fees and expenses actually incurred), which may arise or be incurred as a result of any action or inaction by Defendant, including, but not limited to, a breach of any covenant, condition, representation or warranty arising under the Mortgage Broker Agreement.  Paragraph 2.02(a) of the Mortgage Broker Agreement.

31.  As described throughout this Complaint, Defendant made material misrepresentations to First Franklin about the Burgos and Kelic Loans, as a result of which First Franklin suffered actual losses in an amount not less than $288,360.79, plus attorney fees, additional interest, and costs.

32.  Pursuant to Paragraph 2.02(a) of the Mortgage Broker Agreement, Defendant must indemnify First Franklin for its actual losses in an amount not less than $288,360.79, plus attorney fees, additional interest, and costs.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court enter the following:

a. a judgment against Defendant and in favor of First Franklin Financial Corporation in the amount of $288,360.79, plus attorney fees, additional interest, and costs; and,

b. any other relief this Court deems just and proper.

                                             Respectfully submitted,

                                             First Franklin Financial Corporation

                                             By: s/Wm. Kent Carter
                                                  One of its Attorneys

W. Kent Carter
wcarter@clarkhill.com
Adam Toosley
atoosley@clarkhill.com
Clark Hill
150 N. Michigan Ave, Suite 2400
Chicago, IL 60601
(312) 985-5900


William G. Asimakis (P46155)
wasimakis@clarkhill.com
Shannon L. Deeby (P60242)
sdeeby@clarkhill.com
500 Woodward Avenue, Suite 3500
Detroit, MI 48226-3435
(313) 965-8880