UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 08 C 1089 |
| AMERIHOME MORTGAGE COMPANY, L.L.C., a Wisconsin limited liability company, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Amerihome Mortgage Company, L.L.C. ("Amerihome") to dismiss Count II of Plaintiff First Franklin Financial Corporation ("First Franklin")'s complaint. For the following reasons, Amerihome's motion is denied.

## BACKGROUND

Because this case comes to us in the context of a motion to dismiss, we take all well-pleaded facts alleged in the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). According to the complaint, First Franklin is a Delaware corporation

with its principal place of business in California and Amerihome is a Wisconsin limited liability company with members in Illinois and Wisconsin.

## I.    The Agreement

First Franklin and Amerihome entered into a Mortgage Broker Agreement (the "Agreement") in May 2004.  Under the terms of the Agreement, Amerihome became an independent contractor for First Franklin.  Amerihome was authorized to submit loan applications that were secured by a first or junior lien on residential property to First Franklin for funding.

Under Article III § 3.01(b) of the Agreement, Amerihome made the following assurances to First Franklin:

> [Amerihome] will make such investigations and inquiries to verify the truthfulness and completeness of all information relating to the Borrower's creditworthiness and collateral submitted in connection with an application for a Loan. [Amerihome] warrants and represents that as of the date the Loan is closed and funded by First Franklin all such information is true, accurate, and complete and that [Amerihome] will not omit any material information.

In Article III § 3.01(e) of the Agreement, Amerihome consented to "provide and represent[] that it has provided the Goods and Services listed on Schedule A [including "investigating the accuracy and completeness of a Borrower's information" and "analyzing the Borrower's income"] for any Loan for which it receives compensation from First Franklin."

- 2 -

The Agreement also contained an Indemnification Clause at Article II § 2.02(a), which provided:

> [Amerihome] shall indemnify, defend, and hold harmless First Franklin...from and against any and...all damage, loss, liability, cost, actions, causes of action, claims, demands, or expense both direct and indirect...by whomsoever asserted, including but not limited to the claims of: (1) the Borrower arising directly or indirectly out of the transaction which is the subject matter of this Agreement...which may arise or be incurred as a result of any action or inaction by [Amerihome], including, but not limited to, a breach of any covenant, condition, representation or warranty arising under the Agreement, except as such damage, loss, liability, cost, action, cause of action, claim, demand, or expense is caused solely by the negligence or willful misconduct of First Franklin.

## II.    The Loan Applications

According to First Franklin, Amerihome submitted three loan applications (the "Loan Applications") to First Franklin for funding. The Loan Applications were submitted on behalf of two different borrowers and were secured against two different properties. The borrowers later defaulted on their loans.

First Franklin's investor subsequently learned that the Loan Applications contained false information regarding the creditworthiness and collateral of the borrowers. As a result, First Franklin's investor required First Franklin to repurchase the loans and sell the properties in foreclosure sales. First Franklin allegedly suffered a loss when it sold the properties.

Count I is premised on First Franklin's allegations that Amerihome breached the Agreement by submitting the Loan Applications to it with false information.  In Count II, First Franklin seeks indemnification from Amerihome for the loss it incurred as a result of Amerihome's breach of the Agreement.

In April 2008, Amerihome filed a motion to dismiss Count II of the complaint.

## DISCUSSION

I.    Rule 12(d)

As an initial matter, First Franklin argues that we should consider Amerihome's motion to dismiss as a motion for summary judgment because Amerihome attached the Agreement to its motion as an exhibit and First Franklin did not attach it as an exhibit to its complaint.  It relies upon  Federal Rule of Civil Procedure 12(d), which requires that a motion to dismiss be converted to a motion for summary judgment if a party relies upon documents outside the pleadings during a Rule 12 dismissal proceeding.

In a breach of contract case, the contract at issue may not be considered "outside the pleadings" where it is central to the plaintiff's claim. *See Steigmann v. The Democratic Party of Illinois*, 406 F.Supp.2d 975, 985 (N.D. Ill. 1995).  Here, we find that the Agreement is not "outside of the pleadings" because Count I of First Franklin's complaint is a breach of contract claim that specifically pertains to the Agreement.  Moreover, First Franklin referenced and incorporated the Agreement into its complaint

- 4 -

and attached it to its response to Amerihome's motion to dismiss. This is not a case where Amerihome attached a document to its motion to dismiss that would require discovery to authenticate or invalidate the document. *See Id.* Neither party disputes the authenticity of the Agreement. Therefore, because the Agreement is central to First Franklin's claims, the fact that it did not attach the Agreement to its complaint and Amerihome attached it to its motion to dismiss does not convert Amerihome's motion to dismiss into a motion for summary judgment. *Id.* Consequently, we will construe Amerihome's motion under Rule 12(b)(6).

II.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) evaluates the legal sufficiency of a plaintiff's complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe all allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). To be cognizable, the factual allegations contained within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1965 (2007). However, a pleading need only convey enough information to allow the

defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

Under Illinois law, contracts that contain an indemnification clause that shifts "the ultimate cost of liability from one party to another are enforceable where they are explicit and do not run counter to public policy." *Alberto-Culver Co. v. Aon Corp.*, 812 N.E.2d 369, 376 (Ill. App. Ct. 2004); *See Charter Bank v. Eckert*, 558 N.E.2d 1304, 1310 (Ill. App. Ct. 1992) (finding that the terms of the indemnity agreement must be written in such a way so as the "indemnitor's obligations are manifestly determinable"). This is true despite the fact that indemnity agreements are not favored and must be strictly construed. *Bates v. Select Lake City Theater Operating Co.*, 397 N.E.2d 75, 77 (Ill. 1979). We are to interpret the indemnity agreement in light of the overall language and provisions of the agreement as well as the factual setting of the case. *Id.*; *Svenson v. Miller Builders, Inc.*, 392 N.E.2d 628, 638 (Ill. App. Ct. 1979).

Count II of First Franklin's complaint alleges that Amerihome agreed to indemnify First Franklin for any damages it incurred as a result of Amerihome's breach of the Agreement, that Amerihome breached the Agreement by submitting applications for funding to First Franklin that contained false information regarding the creditworthiness and collateral of the borrowers, and that First Franklin incurred damages as a result.

Amerihome makes two general arguments in support of its motion to dismiss. First, Amerihome argues that First Franklin's allegations do not trigger the Indemnification Clause. Second, it argues that it is not bound by the terms of the Indemnification Clause.

We find Amerihome's first argument unconvincing. First Franklin has alleged that as per the terms of the Indemnification Clause, Amerihome knew that it was obligated to indemnify First Franklin for any losses First Franklin incurred as a result of Amerihome's breach of the Agreement. Thus, First Franklin's allegations that Amerihome must now indemnify First Franklin for the losses it incurred as a result of Amerihome's breach sufficiently establish an indemnification cause of action. Similarly, we find Amerihome's second argument unpersuasive as it depends on issues of fact, which for purposes of this motion we must construe in First Franklin's most favorable light. *Bontkowski*, 998 F.2d at 461.

## CONCLUSION

For the foregoing reasons, Amerihome's motion to dismiss is denied.

Charles P. Kocoras
United States District Judge

Dated:    June 30, 2008