UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation, | )<br>)<br>) |
| Plaintiff, | ) Case No. 08 C 1089 <br>) |
| vs. | ) Judge Charles P. Kocoras <br>) |
| AMERIHOME MORTGAGE COMPANY, L.L.C., A Wisconsin limited liability company, | )<br>)<br>) |
| Defendant. | ) |

**EXHIBIT 1**

**To Agreed Motion for Protective Order**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST FRANKLIN FINANCIAL CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERIHOME MORTGAGE COMPANY, L.L.C., a Wisconsin Limited Liability Company,<br><br>Defendant. | Case No. 08 C 1089<br><br>Hon. Charles P. Koracas<br>Magistrate Judge Michael T. Mason |

## PROTECTIVE ORDER

This matter having come before the Court on the stipulation of Plaintiff, First Franklin Financial Corporation and Defendant Amerihome Mortgage Company, L.L.C., and the Court finding good cause for the relief granted herein:

IT IS HEREBY ORDERED that:

1. This Order shall govern the use of information produced by or regarding any party (a "Disclosing Party") in response to a discovery request, including the depositions of parties, their former and current employees, officers, directors, consultants, or expert witnesses, and any persons not parties to this litigation, made in this action by a party seeking discovery (a "Discovering Party") to the extent that any party, in good faith and upon a reasonable concern of confidentiality, designates the information as "confidential" ("Confidential Information"). Confidential Information subject to this Order shall not be used by any person given access to the information, including any party to this action (except the Disclosing Party producing such

4820-7645-8754.1

information) for any purpose other than the prosecution or defense of this action and except as provided in this Order.

2. All Confidential Information produced through discovery in this action shall not be disclosed to anyone except:

(a) attorneys, paralegals, insurers, and clerical assistants employed by counsel for a party;

(b) a party to, or a party's current employees, officers, or directors who need to have access to the information to assist in, this court action;

(c) witnesses and prospective witnesses, to the extent reasonably deemed necessary by counsel disclosing the information to such witness or prospective witnesses, to prepare for or give testimony reasonably in advance of giving such testimony regarding facts at issue in this litigation;

(d) individual persons retained as experts or consultants by a party; and

(e) the Court and its staff.

All Confidential Information described above shall be used solely for the purpose of preparing and conducting this litigation including any pretrial, trial, retrial, or appellate proceeding, and shall not be used in any other litigation, or for any business or competitive purpose or for any other purpose whatsoever, and shall not be disclosed to anyone not a party to this litigation, except as set forth herein.

3. No provision of this Order shall apply to information which: (a) prior to production is independently known to the Discovering Party or her counsel; or (b) is or becomes public knowledge, provided that it does not become public knowledge, directly or indirectly, due to a violation of this Order.

4. This Order does not otherwise prohibit the introduction into evidence at trial of any Confidential Information subject to this Order that is otherwise admissible under the Federal Rules of Evidence and the Court may enter further necessary orders governing the introduction

of such Confidential Information at trial, nor does this Order make any Confidential Information discoverable that otherwise is not discoverable under the Illinois Court Rules.

5.  If a Disclosing Party designates information as "confidential" and the Discovering Party does not believe that such information should be properly treated as such, either because Paragraph 3 exempts it or otherwise, then the Discovering Party may file a motion with the Court to change the status of the information from "Confidential."

6.  All Confidential Information subject to this Order shall be returned to the Disclosing Party or destroyed by the Discovering Party, at the option of the Disclosing Party, within 30 days after the end of this litigation, including any trial, retrial, appeal, or settlement.

7.  This Order shall not alter or affect any existing duty of confidentiality with respect to any information provided to or received by any party hereto.

ENTERED:

_____

Dated: _____

Judge: _____